**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**MEGAN SAYLOR,**

            **Petitioner,**

**v.**                            **Civil Action No. 3:16CV48**
                                       **Criminal Action No. 3:15CR20-26**

**UNITED STATES OF AMERICA,**      **(JUDGE GROH)**

            **Respondent.**

## REPORT AND RECOMMENDATION
## THAT §2255 MOTION BE DENIED

### I. Introduction

On April 18, 2016, *pro se* Petitioner, Megan Saylor, filed a Motion [ECF No. 1783] Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1]  The Government was ordered to file a response by May 19, 2016 and has filed a Motion [ECF No. 1829] for Extension of Time to File a Response.  Based on a review of the record including the recently filed transcript of the Rule 11 hearing, the Court finds that a response from the Government is no longer needed in order to prepare this Report and Recommendation.

### II. Facts

#### A. Conviction and Sentence

On July 14, 2015, Petitioner signed a plea agreement by which she agreed to plead guilty to Count 77, aiding and abetting interstate travel in aid of racketeering, in

---

[1] All CM/ECF references will be to criminal case number 3:15CR20-26

violation of Title 18, United States Code, Sections 2 and 1952(a)(3), and Count 148, use of a telephone to facilitate the distribution of heroin, in violation of Title 21, United States Code, Section 843(b) and a forfeiture allegation. Plea Agreement, ECF No. 849. In the plea agreement, the parties stipulated that Count One of the indictment would be dismissed. Id. at ¶5. Petitioner also waived her right to an appeal and to collaterally attack her sentence. Id. ¶10. Specifically, Petitioner's plea agreement contained the following language regarding her waiver:

> 10.    Defendant is aware that 18 U.S.C. §3742 affords a Defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Defendant waives the following rights:
>
> A.    To appeal any order, the conviction and the sentence or the manner in which that sentence was determined on any ground whatsoever, including those grounds set forth in 18 U.S.C. §3742;
>
> B.    To challenge the conviction or the sentence or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. §2255.
>
> Nothing in this paragraph, however, will act as a bar to Defendant perfecting any legal remedies she may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. **Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.**
>
> This waiver of appellate rights is not intended to represent the Defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does the waiver of rights prevent Defendant from arguing a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

Id. at ¶10.

On September 10, 2015, Petitioner entered her plea in open court. Petitioner was 32 years old and had completed some college. Plea Tr. at 5, ECF No. 1820. The Court specifically asked Petitioner if she understood the waiver of her appellate and post-conviction relief rights and Petitioner responded that she did. Id. at 36-38. The Court asked Petitioner's counsel if she believed Petitioner understood the waiver of appellate and post-conviction relief rights and Petitioner's counsel said she was satisfied that Petitioner was aware of those rights. Id. at 38. The Court then reviewed all the rights Petitioner was giving up by pleading guilty. Id. at 38. During the plea hearing, the Government presented the testimony of Sergeant Tom Kearns to establish a factual basis for the plea. Id. at 21 - 26. Petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, Petitioner advised the Court that she was guilty of Count 77 and Count 148 of the indictment. Id. at 43. Petitioner further stated under oath that no one had attempted to force her to plead guilty, and that she was pleading guilty of her own free will. Id. at 42-43. In addition, she testified that the plea was not the result of any promises other than those contained in the plea agreement. Id. at 16. Petitioner testified that her attorney had adequately represented her, and that her attorney had left nothing undone. Id. at 7-8. Additionally, Petitioner testified that at the time of this plea hearing her plea was lawful and voluntary and there had been no fundamental defects in the proceedings. Id. at 37. Further, Petitioner testified that at the time of her plea hearing there was no known evidence of ineffective assistance of counsel or prosecutorial misconduct. Id. at 38. Finally,

Petitioner said she was in fact guilty of the crime to which she was pleading guilty.  Id. at 17, 29-30, 43.

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that Petitioner understood the consequences of pleading guilty, and that the elements of the crime were established beyond a reasonable doubt.  Id. at 44.  Petitioner did not object to the Court's finding.

On January 11, 2016, Petitioner appeared before the Court for sentencing. Sentencing Tr., ECF No. 1593. After considering several factors, including the circumstances of both the crime and the defendant's personal history, as well as the sentencing objectives of punishment, the Court sentenced Petitioner to a term of 10 months imprisonment on each count to be served concurrently, which was the lowest end of the guideline range. Id. at 18-23

## B.  Direct Appeal

Petitioner did not file a direct appeal.

## C.  Federal Habeas Corpus

On April 18, 2016, Petitioner filed this 2255 Motion to Vacate on three grounds of ineffective assistance of counsel. ECF No. 1783. Petitioner's first  ineffective assistance of counsel claim alleges failure to review discovery with Petitioner.  The second claim alleges that defense counsel told Petitioner she would be given probation.  The third claim was that defense counsel did not present enough character evidence at the sentencing.

The Court is ruling on this Motion without a response from the Government as the Court has determined that a response was not necessary based on the available record.

**D.** <u>**Recommendation**</u>

Based upon a review of the record, the undersigned recommends that Petitioner's §2255 motion be denied and dismissed from the docket because Petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction and Petitioner's ineffective assistance of counsel claims lack merit.

## III. <u>Analysis</u>

### A. *Applicable Law Regarding Petitioner's Waiver and Ineffective Assistance of Counsel Claims*

#### 1. Law Governing Waivers of Direct Appeal and Collateral Attack Rights

"…[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." <u>Blackledge v. Allison</u>, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains are only secure when "dispositions by guilty plea are accorded a great measure of finality." <u>Id.</u> The Fourth Circuit has recognized that the Government often secures waivers of both appellate and collateral attack rights "from criminal defendants as part of their plea agreements." <u>United States v. Lemaster</u>, 403 F.3d 216, 220 (4th Cir. 2005).

Courts have routinely held that "defendants can waive fundamental constitutional rights such as the right to counsel, or the right to a jury trial." <u>United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992); citing <u>United States v. Wiggins</u>, 905 F.2d 51,53(4th

Cir.1990)(quoting <u>United States v. Clark</u>, 865 F.2d1433, 1437(4th Circ. 1989).

Specifically, the Fourth Circuit has held that "a waiver-of-appeal-rights provision in a

valid plea agreement is enforceable against the defendant so long as it is 'the result of a

knowing and intelligent decision to forgo the right to appeal.'" <u>United States v. Attar</u>, 38

F.3d 727, 731 (4th Cir. 1994) (citations omitted). However, a defendant still retains the

right to appellate review on limited grounds, such as when a sentence above the

maximum penalty provided by statute is imposed or when a sentence is imposed based

on a constitutionally impermissible factor. <u>Id.</u> at 732. Furthermore, the <u>Attar</u> court

recognized that a defendant cannot "fairly be said to have waived his right to appeal his

sentence" on the ground that he was wholly deprived of counsel during sentencing

procedures. <u>Id.</u>

      Eleven years later, the Fourth Circuit determined there was no reason to

distinguish between waivers of appellate rights and waivers of collateral attack rights.

<u>Lemaster</u>, 403 F.3d at 220 n.2. The Fourth Circuit noted that all courts of appeals to

have considered the issue have "held that the right to attack a sentence collaterally may

be waived so long as the waiver is knowing and voluntary." <u>Id.</u> at 220. The <u>Lemaster</u>

court did not address whether the same exceptions that were noted by the <u>Attar</u> court

apply to a waiver of collateral attack rights, but it did note that it saw "no reason to

distinguish" between the two. <u>Id.</u> at 220 n.2; <u>see also</u> <u>United States v. Cannady</u>, 283

F.3d 641, 645 n.3 (4th Cir. 2000) (collecting cases where the court has determined that

waivers of § 2255 rights are generally valid).

The Fourth Circuit has not yet issued a binding decision defining the scope of collateral attack waivers and so has not yet imposed on this Court a standard governing "the extent to which an ineffective assistance of counsel claim can be precluded by a § 2255 waiver." Braxton v. United States, 358 F. Supp. 2d 497, 502 (W.D. Va. 2005).[1] However, several courts have held that collateral attack waivers should be subjected to the same conditions and exceptions applied to waivers of direct appellate rights. Cannady, 283 F.3d at 645 n.3 (collecting cases). Furthermore, most courts of appeals have determined that waivers of collateral attack rights encompass claims "that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver." Braxton, 358 F. Supp. 2d at 503.

## 2. Law Governing Whether a Waiver is Knowing and Intelligent

The Fourth Circuit has held that the determination of whether a waiver of appellate and collateral attack rights is "knowing and intelligent" "depends 'upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused.'" Attar, 38 F.3d at 731 (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)). This determination is often made upon reviewing the "adequacy of the plea colloquy" and determining, in particular, "whether the district court questioned the defendant about the appeal waiver." United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). However, an ultimate decision is "evaluated by

---

[1] The Fourth Circuit issued an unpublished per curiam opinion affirming the Western District of Virginia's ruling in Braxton. See United States v. Braxton, 214 F. App'x 271 (4th Cir. 2007) (per curiam).

reference to the totality of the circumstances." <u>United States v. General</u>, 278 F.3d 389, 400 (4th Cir. 2002).

### 3.    Standard Governing Claims of Ineffective Assistance of Counsel

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of her conviction. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  First, "the defendant must show that counsel's performance was deficient." <u>Id.</u>  Second, "the defendant must show that the deficient performance prejudiced the defense." <u>Id.</u> These two prongs are commonly referred to as the "performance" and "prejudice" prongs. <u>Fields v. Att'y Gen. of Md.</u>, 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." <u>Strickland</u>, 466 U.S. at 687.  However, a reviewing court does not "grade" trial counsel's performance, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." <u>Carter v. Lee</u>, 283 F.3d 240, 249 (4th Cir. 2002).  Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance 'from counsel's perspective at the time.'" <u>Hunt v. Lee</u>, 291 F.3d 284, 289 (4th Cir. 2002)(quoting <u>Strickland</u>, 466 U.S. at 689).  Furthermore, the standard of reasonableness is objective, not subjective. <u>See</u> <u>Strickland</u>, 466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed. See id. at 691. A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: "…the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). The Fourth Circuit has recognized that "[i]f the defendant cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." Fields v. Maryland, 956 F.2d 1290, 1297.

### B. Petitioner's Ineffective Assistance of Counsel Claims

### 1. Petitioner's Claims of Ineffective Assistance Prior to Plea Colloquy

As noted above, Petitioner asserts three grounds of ineffective assistance of counsel. Mtn at 6, ECF No. 1783. Two of those claims call into question counsel's conduct before Petitioner entered her guilty plea. As an initial matter, these claims are insufficiently pled. "Habeas petitions must meet heightened pleading requirements. . . . " See McFarland v. Scott, 512 U.S. 849, 856 (1994). Accordingly, a Petitioner must present evidence that her claims have merit. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrogation on other grounds recognized by Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). Here, Petitioner has not provided any factual support for

these claims; accordingly, for this reason, the undersigned recommends that they be dismissed.

Even if Petitioner had provided support for these claims, they fall within the scope of Petitioner's collateral attack waiver because they assert ineffective assistance of counsel for conduct occurring before the entry of Petitioner's guilty plea. See Lemaster, 403 F.3d at 220 & n.2; Cannady, 283 F.3d at 645 n.3; Attar, 38 F.3d at 731, 732; Braxton, 358 F. Supp. 2d at 503. A defendant who enters a voluntary guilty plea cannot later "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also Menna v. New York, 423 U.S. 61, 62 n.2 ("A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilty is validly established.").

The undersigned finds that Petitioner's waiver of her right to file a motion pursuant to 28 U.S.C. § 2255 was knowing and intelligent. See Attar, 38 F.3d at 731. At the Rule 11 plea colloquy, Petitioner testified that she was 32 years old and had completed some college. Plea Tr. at 5, ECF No. 1820. She further testified that she was not on any type of medication or any treatment that would affect her ability to understand the plea hearing. Id. at 5. The undersigned Magistrate Judge specifically asked Petitioner if she understood that he was giving up her right to appeal her sentence and her right to file a collateral attack, and Petitioner replied that she understood. Id. at 36-37; see also Blick, 408 F.3d at 169. Petitioner also testified that

she reviewed the plea agreement with her attorney before signing it. Id. at 14-15. At the conclusion of the plea colloquy, the undersigned Magistrate Judge found that Petitioner's plea was made freely and voluntarily, that Petitioner was competent to make a plea of guilty, that Petitioner had full knowledge and understanding of the consequences of her guilty plea, and that there was a basis in fact for the plea. Id. at 44.

A defendant's sworn representations made at a plea hearing "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge, 431 U.S. at 74. Therefore, guilty pleas are not normally subject to collateral attack but can be so challenged on the ground that the plea was not knowing or voluntary. Bousley v. United States, 523 U.S. 614, 621-22 (1998). A defendant may attack the voluntary nature of her plea by demonstrating that she received ineffective assistance of counsel. Tollett, 411 U.S. at 267. However, "in the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict Petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Lemaster, 403 F.3d at 221 (citations omitted).

In this case, Petitioner contends that her attorney was ineffective by not reviewing discovery with her and that her attorney was ineffective for representing to her that she would not serve any prison time. These ineffective assistance of counsel claims were waived during Rule 11 plea hearing when Petitioner waived her right to appeal and to collaterally attack her sentence under any circumstances. Plea Tr. at 36,

ECF No.1820. In this case, Petitioner testified as follows regarding her attorney representation:

> THE COURT: Ms. Saylor, I'm going to ask you some questions about your representation. Do you believe you have had adequate time to discuss your case fully with Ms. Haynie?
> THE DEFENDANT: Yes, sir.
> THE COURT: Has she been able to answer your questions about how best to proceed in this case?
> THE DEFENDANT: Yes, sir.
> THE COURT: Is there anything your lawyer has not done which have you asked her to do?
> THE DEFENDANT: No, sir.
> THE COURT: Are you completely satisfied with the legal advice that you have received from Ms. Haynie?
> THE DEFENDANT: Yes, sir.

Id. at 8.

Further, the Court inquired at the plea hearing as to whether Petitioner agreed that her guilty plea on that date was lawful and voluntary and that there was no evidence of ineffective assistance of counsel or prosecutorial misconduct at the time of the plea hearing. Id. at 37-38. Petitioner responded that she agreed with those representations. Id.

As for the issue of whether Petitioner's attorney told her that she would not serve any prison time, clearly the undersigned Magistrate Judge explained that was not the case. "…[I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and the defendant." United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc), cert. denied,

513 U.S. 1060 (1994). "…'[m]is-advice respecting sentencing possibilities' could not be a 'but for' cause of a guilty plea where the plea is 'based on risk information given. . . by the sentencing court.'" United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995) (citing United States v. Craig, 985 F.2d 175, 179-180 (4th Cir. 1993)).

The Rule 11 colloquy with regard to that issue was as follows:

> THE COURT: Do you understand that the sentence imposed by the Court may be different from any estimate Ms. Haynie may have given you, or what you thought it would be?
> THE DEFENDANT: Yes, sir….
> THE COURT: Do you understand that the Court is not bound by the advisory guideline range, and has the authority to impose a sentence that is more severe or less severe than the sentence called for by the Guidelines?
> THE DEFENDANT: Yes, sir….
> THE COURT: Do you also understand that even if you do not like the sentence imposed upon you by the Court , you will still be bound by your plea and will have no right withdraw it?
> THE DEFENDANT: Yes.

Id. at 34-35. Further, the Court inquired as follows:

> THE COURT: Do you understand that at this time, no one can know the exact sentence which would be imposed in this case?
> THE DEFENDANT: Yes, sir.

Therefore, the undersigned finds that Petitioner knowingly and intelligently waived her right to collaterally attack her sentence as part of her plea agreement. Accordingly, for this reason also, the undersigned recommends that Petitioner's claims of ineffective assistance of counsel regarding discovery and counsel's alleged promise of no prison time prior to the plea hearing be dismissed.

## 2.    Petitioner's Claims of Ineffective Assistance of Counsel at Sentencing

Two of Petitioner's three claims of ineffective assistance of counsel could be considered as counsel's conduct at sentencing.  Specifically, Petitioner alleges in her third claim that counsel failed to present evidence of her character at the sentencing and failed to argue for a split sentence as was recommended in her PSR.  ECF No. 1783 at 6.  Additionally, Petitioner's second claim that her attorney told her she would not serve any prison time could be considered as conduct at sentencing. As an initial matter, Petitioner has failed to also provide support for these claims against trial counsel, and the undersigned finds that they are unsubstantiated assertions.  Accordingly, for that reason, the undersigned recommends that they be dismissed.  See McFarland, 512 U.S. at 856; Nickerson, 971 F.2d at 1136.

The Fourth Circuit has noted that a Petitioner's claims of ineffective assistance of counsel at sentencing fall outside the scope of a collateral attack waiver only if Petitioner has been completely deprived of counsel.  See Lemaster, 403 F.3d at 220 n.2; Attar, 38 F.3d at 732-33.  Such claims do not suggest that Petitioner was wholly deprived of counsel during her sentencing hearing.  Cf. Millon v. United States, Nos. 3:08cv338, 3:05cr341, 2009 WL 3258580, at *4 (W.D.N.C. Oct. 7, 2009) (finding that the waiver provision in Petitioner's plea agreement was "absolute bar" to his claim that his sentence enhancement under U.S.S.G. § 2D1.1 was improper).  The undersigned has already determined that Petitioner knowingly and voluntarily entered into the waiver contained in her written plea agreement; accordingly, the undersigned further finds that

14

Petitioner's claims regarding counsel's performance at sentencing fall within the scope of that waiver.

Even if Petitioner's claims were not within the scope of the waiver, they are meritless. Petitioner's written plea agreement contained a stipulation that her total drug relevant conduct was 39 grams of heroin. ECF No. 849 at ¶9. Additionally, her plea agreement provided the maximum penalties for each count that she plead guilty. Id. at ¶2. For Count 77, she could have received up to 5 years, a fine of up to $250,000 and a term of up to 3 years of supervised release. Id. at ¶2(A). For Count 148, she could have received up to 4 years, a fine of up to $250,000, and a term of up to 3 years of supervised release. Id. at ¶2(B).

According to the PSR, the applicable guideline range for Petitioner was ten (10) months incarceration to sixteen (16) months incarceration. PSR at 13, ECF No. 1513. Petitioner's attorney filed a sentencing memorandum on January 5, 2016, objecting to the PSR and requesting a "Mitigating Role" adjustment under U.S.S.G. § 2D1.1(b)(16). Sent. Mem. at 3, ECF No. 1483. Petitioner's attorney also argued mitigating role at the sentencing hearing. Sent. Tr. at 4-8, ECF No. 1593. After argument from both counsel, the Court found that Petitioner was not a minor participant based on the offenses to which she plead guilty and overruled her counsel's objection to the PSR. Id. at 10-11. Given that counsel did raise objections to the Pre-Sentence Report and argued mitigating role at the sentencing, the undersigned finds that Petitioner has not demonstrated that counsel acted unreasonably. See Strickland, 466 U.S. at 687. Additionally, the undersigned finds Petitioner's allegations that her attorney promised

her no prison time to be unsupported by the evidence in the record. The PSR and argument of counsel at the sentencing hearing clearly indicated that the lower end of the guideline range was 10 months incarceration which is what Petitioner received. Further, during Petitioner's plea colloquy, she testified that she understood that no one can know the exact sentence which would be imposed in her case. Plea Tr. at 43, ECF No. 1820.

Accordingly, for these reasons, the undersigned recommends that Petitioner's claims of ineffective assistance of counsel at sentencing be dismissed.

## IV. <u>Recommendation</u>

Based upon a review of the record, the undersigned recommends that Petitioner's §2255 **motion [ECF No. 1783] be denied and dismissed** from the docket because Petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction and Petitioner's claims are meritless. Further, the undersigned recommends that Petitioner's **Pro Se Motion [ECF No. 1827] for a split sentence be denied and dismissed as MOOT.**

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v.</u>

Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to her last known address on the docket sheet, and to counsel of record, as applicable.

DATED: May 18, 2016

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE